## TAYLOR et v LOVETT

Ohio Appeals, 2nd Dist, Franklin Co

No 2614.  Decided Feb 11, 1936

Isadore L. Margulis, Columbus, for plaintiffs in error.

D. Curtis Reed, Columbus, and E. M. Tuttle, Columbus, for defendant in error.

## OPINION

By BODEY, J.

It will be seen that all of the errors complained of may be summed up in the contention of plaintiffs in error that the judgment of the trial court is contrary to law and is against the weight of the evidence.

Sec 8543 GC fixes and determines the rights of the parties to this proceeding. It is as follows:

"All other deeds and instruments of writing for the conveyance or incumbrance of lands, tenements, or hereditaments, executed agreeable to the provisions of this chapter, shall be recorded in the office of the recorder of the county in which the premises are situated, and until so recorded or filed for record, they shall be deemed fraudulent, so far as relates to a subsequent bona fide purchaser having, at the time of purchase, no knowledge of the existence of such former deed or instrument."

This section protects subsequent bona fide purchasers who have no knowledge of a prior unrecorded deed. Since the evidence shows that Mrs. Dolby had no knowledge of the unrecorded deed previously

executed and delivered by her grantor to E. A. Scott, the trial court was required to draw but one conclusion from the evidence to-wit, was Margaret Dolby a bona fide purchaser as the term is used in §8543, GC, supra.

The Supreme Court in the case of **Morris v Daniels, 35 Oh St, 406,** in passing upon a former statute, the particular wording of which was the same, held that the term 'bona fide purchaser' employed in this statute meant a purchaser for value, or, in other words, a purchaser for a valuable consideration. A like conclusion was reached by the court in the case of **Varwig v Railroad Company, 54 Oh St, 455.** With these decisions before the court, the question may now be reframed as follows. Was Margaret Dolby a purchaser for a valuable consideration?

"A valuable consideration may be money, goods or services—something deemed valuable in a pecuniary sense—or the like, which the law esteems an equivalent for the grant, to which must be added marriage to be consummated."
13 O. J., 867, §52.

The above definition is taken almost verbatim from Blackstone's Commentaries to which reference is made in the case of **Groves v Groves, 65 Oh St, 442.** The case of Morris v Daniels, supra, is also authority for the proposition that "the burden of proof as to the payment of a valuable consideration rests upon the subsequent purchaser."

The lower court was the trier of the facts. As heretofore stated, it found in effect that the consideration paid for the conveyance in question was not equivalent to the grant, and that the defendant, Margaret Dolby, had not sustained the burden of proof cast upon her. We may not interfere with its conclusions of facts in error proceedings unless its ultimate judgment is manifestly against the weight of the evidence or is not supported by any evidence. It was the province of the trial court to pass upon the credibility of the witnesses and the weight to be given to their respective testimony. Since the burden of proving her bona fides was on the defendant, Margaret Dolby, we are not disposed to disturb the trial court's finding and judgment that she was not a bona fide purchaser, that is, a purchaser for a valuable consideration. In our opinion the judgment is supported by evidence and is not manifestly against the weight of the evidence. Had this case come to us on appeal, we could have drawn our own conclusions from the evidence. It is possible that we might have differed with the trial court upon the facts proven. Being permitted in error proceedings to reverse only when the judgment or verdict is not supported by any evidence or is against the manifest weight of the evidence, and being of opinion that the judgment of the trial court is sustained by the evidence and is not manifestly against its weight, we must adopt its conclusions as our own. The court holds that the trial court did not commit prejudicial error in any of the seven particulars set forth in the petition in error. Therefore, the judgment is affirmed.

Exceptions.

BARNES, PJ, and HORNBECK, J, concur.